```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
CHEVON MURRAY, individually and as mother   :
and natural guardian of J.T., Z.M., and Z.W.,   :
                                              :
                       Plaintiff,             :         ORDER
                                              :
          -against-                           :    21 Civ. 6892 (EK) (VMS)
                                              :
THE CITY OF NEW YORK, DETECTIVE               :
JONATHAN MARTINEZ, SHIELD 3258,               :
NYPD CRIMINAL INTELLIGENCE SECTION,           :
DETECTIVE AVINASH PATEL, SHIELD 5322,         :
NYPD CRIMINAL INTELLIGENCE SECTION,           :
and JOHN AND JANE DOES 1-20,                  :
                                              :
                       Defendants.            :
------------------------------------------------------------ X
```

**Vera M. Scanlon, United States Magistrate Judge:**

Plaintiff Chevon Murray, individually and as mother and natural guardian of J.T., Z.M., and Z.W. ("Plaintiff"), commenced this action against Defendants The City of New York (the "City"); Detective Jonathan Martinez, Shield 3258, NYPD Criminal Intelligence Section ("Det. Martinez"); and Detective Avinash Patel, Shield 5322, NYPD Criminal Intelligence Section ("Det. Patel" and, collectively with the City and Det. Martinez, "Defendants"). See Compl., ECF No. 1. Plaintiff asserted claims pursuant to the Fourth and Fourteenth Amendments to the U.S. Constitution; 42 U.S.C. § 1983; Article I §§ 1, 6, 11 and 12 of the New York State Constitution; and unspecified State and City laws against Det. Martinez and Det. Patel. See id. Plaintiff asserted claims pursuant to Article I §§ 1, 6, 11 and 12 of the New York State Constitution; unspecified State and City laws; and common law against the City. See id. The factual basis for Plaintiff's complaint is an alleged "illegal entry into and search of a duplex dwelling on July 6, 2021, by employees of the New York City Police Department," arising from

a search warrant "issued on the basis of an affidavit sworn to by . . . [Det.] Martinez[,] . . . identif[ying] only an individual named Isaiah Lamont who does not live in [P]laintiff[']s dwelling and is entirely unknown to [her]" and her children. Id. at 1. Defendants filed answers. See Answer, ECF No. 28; Answer, ECF No. 33.

Before the Court is the motion to intervene pursuant to Fed. R. Civ. P. 24(a)(2) or Fed. R. Civ. P. 24(b)(1)(B), for purposes of opposing Plaintiff's motion for reconsideration seeking to have unredacted information in portions of certain documents as to the confidential informant's interactions with a target, see Mot. for Reconsideration, ECF No. 66, filed by the Kings County District Attorney's Office (the "KCDA"). See Mot. to Intervene, ECF No. 68. For the reasons set forth below, the Court grants the KCDA's unopposed motion to intervene.

I.  **LEGAL STANDARD**

The KCDA moved to intervene pursuant to Fed. R. Civ. P. 24(a)(2) or Fed. R. Civ. P. 24(b)(1)(B), for purposes of opposing Plaintiff's motion for reconsideration, see Mot. for Reconsideration, ECF No. 66. See Mot. to Intervene, ECF No. 68.

The Court of Appeals for the Second Circuit has reasoned

> that [i]ntervention is a procedural device that attempts to accommodate two competing policies: efficiently administrating legal disputes by resolving all related issues in one lawsuit, on the one hand, and keeping a single lawsuit from becoming unnecessarily complex, unwieldy or prolonged, on the other hand, and that, in resolving the tension that exists between these dual concerns, the particular facts of each case are important, and prior decisions are not always reliable guides.

Floyd v. N.Y.C., 770 F.3d 1051, 1057 (2d Cir. 2014) (citation & quotations omitted).

Fed. R. Civ. P. 24(a), entitled "Intervention of Right," provides that,

> (a) . . . [o]n timely motion, the court must permit anyone to intervene who:
> * * *
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter

2

> impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(b), entitled "Permissive Intervention," provides that, "(1) . . . [o]n timely motion, the court may permit anyone to intervene who: . . . (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(3) requires that a court exercising its discretion pursuant to Fed. R. Civ. P. 24(b)(1)(B), among other provisions, "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."

As to both intervention of right and permissive intervention, Fed. R. Civ. P. 24(c) requires that "[a] motion to intervene . . . be served on the parties as provided in Rule 5[,][1] . . . state the grounds for intervention[,][2] and be accompanied by a pleading that sets out the claim or defense for which intervention is sought."[3]

---

[1] As to service, the KCDA served the motion to intervene on Plaintiff and Defendants, through their counsel, see Fed. R. Civ. P. 5(b)(1) (stating that, "[i]f a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party"), by filing it on the docket, see Fed. R. Civ. P. 5(b)(2) (providing that "[a] paper is served under this rule by . . . (E) sending it to a registered user by filing it with the court's electronic-filing system").

[2] As to the grounds for intervention, the KCDA has stated the grounds upon which it seeks to intervene, namely for purposes of opposing Plaintiff's motion for reconsideration, see Mot. for Reconsideration, ECF No. 66. See Mot. to Intervene, ECF No. 68.

[3] As to the inclusion of a pleading setting forth the claim or defense for which intervention is sought, such a pleading is absent from the motion to intervene. See Mot. to Intervene, ECF No. 68.

Nonetheless,
> while Rule 24(c) unambiguously states mandatory requirements for every motion to intervene, Rule 1 requires courts and parties to construe, administer, and employ the rules so as to secure the just, speedy, and inexpensive determination of every action and proceeding. Thus, technical non-compliance with Rule 24(c)'s requirements will not necessarily result in denial of the intervenor's

3

> motion. Courts have disregarded purely formal defects in motions to intervene in the absence of prejudice to the parties caused by such defects. Courts do so in situations in which the reasons for the technical requirements of Rule 24(c) are satisfied by other means – when, despite a technical failure to comply by the movant, the grounds for the motion are plain, the nature of the proposed claims or defenses is obvious, and the existing parties have knowledge of the motion or of the claims or defenses.
>
> For example, a court may approve an intervention motion that is not accompanied by a pleading if the court is otherwise apprised of the grounds for the motion.

6 James Wm. Moore et al., Moore's Federal Practice § 24.20 (3d ed. 2023) (quotations & footnotes omitted).

Courts in this Circuit regularly excuse the failure to include a pleading with a motion to intervene. See, e.g., Blesch v. Holder, No. 12 Civ. 1578, 2012 WL 1965401, at *2 (E.D.N.Y. May 31, 2012) (granting the proposed intervenor's request for a "waiv[er of] its obligation under Federal Rule of Civil Procedure 24(c) to accompany its motion with a pleading that sets out the claim or defense for which intervention is sought" because "the House's position on this litigation is clearly articulated in its motion papers" and granting the motion to intervene (citations & quotations omitted)); Official Committee of Asbestos Claimants of G-I Holding, Inc. v. Heyman, No. 01 Civ. 8539 (RWS), 2003 WL 22790916, at *4-5 (S.D.N.Y. Nov. 25, 2003) (reasoning "that adopting claims already asserted against a defendant can be sufficient [for purposes of Fed. R. Civ. P. 24(c)] where it does not cause prejudice to the parties" and granting the motion to intervene); Tachiona ex rel. Tachiona v. Mugabe, 186 F. Supp. 2d 383, 393 n.8, 397 (S.D.N.Y. 2002) (reasoning that, "[i]n general, Rule 24(c) requires the submission of a formal motion and supplemental pleadings in order to trigger the motion" but that, "[w]here . . . the position of the movant is apparent from other filings and where the opposing party will not be prejudiced, Rule 24(c) permits a degree of flexibility with technical requirements" and "grant[ing] the Government's motion to intervene pursuant to Rule 24(a)(2) for the limited purpose of appeal" (citation omitted)), aff'd in part, rev'd in part, & remanded on other grounds sub nom., Tachiona v. U.S., 386 F.3d 205 (2d Cir. 2004); Werbungs Und Commerz Union Austalt v. Collectors' Guild, Ltd., 782 F. Supp. 870, 874-75 (S.D.N.Y. 1991) (concluding that, "[b]ecause Permal's failure to file its own pleading has not prejudiced any of the parties, the court will not allow Permal's error to bar its application to intervene" and granting the motion to intervene (footnote omitted)).

Here, the KCDA's purpose for seeking intervention is clear, namely to "object to Plaintiff's motion for reconsideration." Mot. to Intervene, ECF No. 68 at 1. Further, the KCDA claims an interest in this action and, more specifically, this motion, as "Plaintiff is moving to unseal portions of documents that are in the KCDA's possession, which contain information regarding the CI . . . [that] could reveal the identity of the CI," id. at 2; filing a pleading would therefore be illogical, as the KCDA solely seeks to protect its interest in relation to this discovery dispute and is not seeking to assert claims or defenses against Plaintiff or Defendants. The Court therefore waives the KCDA's requirement to file a pleading pursuant to Fed. R. Civ. P. 24(c).

## II.  DISCUSSION

The Court concludes below that the KCDA is entitled to intervene of right pursuant to Fed. R. Civ. P. 24(a)(2) and, thus, does not determine whether the KCDA would be permitted to intervene pursuant to Fed. R. Civ. P. 24(b)(1)(B).

A movant seeking to intervene of right "must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." In re N.Y.C. Policing During Summer 2020 Demonstrations, 27 F.4th 792, 799 (2d Cir. 2022) (citation & quotations omitted).  As discussed below, the KCDA is entitled to intervene of right for purposes of opposing Plaintiff's motion for reconsideration.  See Mot. for Reconsideration, ECF No. 66.

### A.  Timeliness

The first requirement of timeliness

> is flexible[,] and the decision is one entrusted to the district judge's sound discretion.  It defies precise definition, although it certainly is not confined strictly to chronology.  Factors to consider in determining timeliness include: (a) the length of time the applicant knew or should have known of its interest before making the motion; (b) prejudice to existing parties resulting from the applicant's delay; (c) prejudice to the applicant if the motion is denied; and (d) the presence of unusual circumstances militating for or against a finding of timeliness.

Floyd, 770 F.3d at 1058 (citations & quotations omitted).

Plaintiff filed her motion for reconsideration on April 3, 2023, see Mot. for Reconsideration, ECF No. 66, and the KCDA promptly filed its motion to intervene as to the motion for reconsideration on April 6, 2023, see Mot. to Intervene, ECF No. 68.  No prejudice would inure to Plaintiff or Defendants if the motion to intervene were to be granted; Plaintiff and Defendants informed the Court that they do not object to the KCDA's motion to intervene.  See

5

Plaintiff's Response to Mot. to Intervene, ECF No. 70 at 1; Defendants' Response to Mot. to Intervene & Mot. for Reconsideration, ECF No. 72 at 2. The KCDA would be prejudiced if the motion to intervene is denied, as Plaintiff seeks to obtain unredacted portions of documents within the KCDA's possession that the KCDA argues may tend to reveal the identity of a confidential informant. See Mot. to Intervene, ECF No. 68 at 2. No unusual circumstances militate in favor of or against a finding of timeliness. The motion to intervene was therefore timely filed.

### B. Interest In The Action

The second requirement of an interest in the action necessitates that such interest "be direct, substantial, and legally protectable. In other words, [a]n interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule." Floyd, 770 F.3d at 1060 (citations & quotations omitted).

The KCDA contends that if Plaintiff's motion for reconsideration seeking "to unseal portions of documents that are in the KCDA's possession" were granted such that the information sought was "unredacted, it could reveal the identity of the CI, thereby putting the CI's life in danger." Mot. to Intervene, ECF No. 68 at 2. By way of example, under analogous factual circumstances, at least one other federal court has granted a motion to intervene. See In re Pool Prods. Dist. Market Antitrust Litig., No. MDL 2328, 2013 WL 2456217, at *1-3 (E.D. La. June 5, 2013) (considering a motion to intervene filed by the Federal Trade Commission (the "FTC") "for the limited purpose of shielding privileged material from discovery . . . because a subset of subpoenaed third parties served as confidential informants during its investigation of PoolCorp" and, in granting the motion to intervene, finding that "the FTC has an interest relating

to the property or transaction that is the subject of the action," namely the interest in the "transaction," which is "the documents subject to discovery under the subpoena specifications," because "the documents potentially reveal the FTC's informants' identities and therefore implicate the FTC's ability to assert the informant's privilege"). The KCDA has asserted a sufficient interest in protecting the identity of the confidential informant to justify intervention.

## C. Impairment Of Interest By Disposition Of The Action

The third requirement of impairment of the movant's interest by disposition of the action is satisfied if "the proposed intervenor . . . show[s] that his interest may be impaired by the disposition of the action, which can be satisfied by asserting that as a practical matter, an adverse decision may compromise the party's claims." Republic of the Phil. v. Abaya, 312 F.R.D. 119, 124 (S.D.N.Y. 2015) (citation & quotations omitted).

The possible impairment of the KCDA's interest in protecting the identity and, by extension, the safety of the confidential informant, see Mot. to Intervene, ECF No. 68 at 2, may arise if the Court were to grant Plaintiff's motion for reconsideration, given that Plaintiff seeks to have unredacted information in portions of certain documents that may tend to reveal the identity of the confidential informant, see Mot. for Reconsideration, ECF No. 66.

## D. Lack Of Adequate Protection Of Interest By The Parties

The fourth requirement of impairment of the lack of adequate protection of the interest by the parties is satisfied "when there is sufficient doubt about the adequacy of representation. This requirement is satisfied if the applicant shows that representation of his interest may be inadequate; and the burden of making that showing should be treated as minimal." N.Y.C. Policing, 27 F.4th at 803 (citations & quotations omitted).

The KCDA argues that its "interests are not adequately protected by . . . Defendants in this action because they were not privy to – and therefore, are in no position to make any arguments regarding – the confidential letter and materials sent to this Court for in-camera inspection." Mot. to Intervene, ECF No. 68 at 2. The Court concurs in this analysis; as neither Plaintiff nor Defendants have access to the unredacted versions of the documents sought to be redacted, and the KCDA does, the KCDA is uniquely situated to present arguments to the Court as to why the redactions challenged by Plaintiff should stand.

### III.  CONCLUSION

The KCDA's motion to intervene for the purpose of the motion for reconsideration is granted. The KCDA is to file its opposition to the reconsideration motion by June 19, 2023. Any response by Plaintiff or Defendants is to be filed by June 26, 2023. No sur-replies permitted.

Dated: Brooklyn, New York
       June 13, 2023

*Vera M. Scanlon*
_____
VERA M. SCANLON
United States Magistrate Judge